UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **JEFFREY PAUL HALE,** | § |
| *Plaintiff* | § |
| v. | § |
| **BRYAN COLLIER, in his Official Capacity as Executive Director of the Texas Department of Criminal Justice; and, APRIL ZAMORA, in her Official Capacity as Director of the Texas Correctional Office on Offenders with Medical or Mental Impairments,** | § CASE NO. 1-20-CV-841-RP-SH |
| *Defendants* | § |

### AMENDED ORDER[1]

Before the Court is Plaintiff's Application for Temporary Restraining Order and Preliminary Injunction, filed August 12, 2020. Dkt. 6. The District Court referred this case to the undersigned Magistrate Judge for resolution and Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

Plaintiff Jeffrey Paul Hale asks the Court to enter a temporary restraining order ("TRO"), pursuant to Federal Rule of Civil Procedure 65(b), to compel: (1) Defendants Bryan Collier, Executive Director of the Texas Department of Criminal Justice, and April Zamora, Director of the Texas Correctional Office on Offenders with Medical or Mental Impairments ("Defendants"), to immediately process and forward Plaintiff's application for Medically Recommended Intensive Supervision ("MRIS") relief to the Texas Board of Pardons and Paroles, and to do so in the same

---

[1] This Amended Order replaces the Order docketed as Dkt. 8. Accordingly, the Court **ORDERS** the Clerk to **STRIKE** Dkt. 8.

manner as they would an application that "meet[s] the initial eligibility criteria" under Section II (D) of PGP-1.04 when an inmate does not have a reportable sex offense under Chapter 62 of the Texas Code of Criminal Procedure; and (2) the Texas Board of Pardons and Paroles to process Plaintiff's application in accordance with Section 508.146 of the Texas Government Code, and to do so in the same manner as it would an application submitted by an inmate who does not have a reportable sex offense under Chapter 62 of the Texas Code of Criminal Procedure.

Plaintiff contends that Defendants' denial of his request for release on MRIS has deprived him of his constitutional right to be free from punitive retroactive laws, as guaranteed by Article I, §10, cl. 1 of the U.S. Constitution ("*Ex Post Facto* Clause"). Plaintiff also contends that he has been deprived, or has been subjected to the deprivation of, his constitutional right to Equal Protection of the law, in violation of the Fourteenth Amendment.

In order to determine whether Plaintiff has exhausted his claims or is entitled to the instant TRO, the Court **ORDERS** Defendants to file a brief responding to Plaintiff's arguments by **August 21, 2020**. Plaintiff will have until **August 28, 2020** to file a reply brief.

Because Defendants have not yet made an appearance in the case, the Court **FURTHER ORDERS** Plaintiff to serve the Defendants with its Application for Temporary Restraining Order and Preliminary Injunction on or before **August 17, 2020.**

**SIGNED** on August 13, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE