# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **JEFFREY PAUL HALE,** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **BRYAN COLLIER, IN HIS OFFICIAL** | § | |
| **CAPACITY AS EXECUTIVE DIRECTOR** | § | |
| **OF THE TEXAS DEPARTMENT OF** | § | **Case No. 1:20-CV-841-RP-SH** |
| **CRIMINAL JUSTICE, AND APRIL** | § | |
| **ZAMORA, IN HER OFFICIAL** | § | |
| **CAPACITY AS DIRECTOR OF THE** | § | |
| **TEXAS CORRECTIONAL OFFICE ON** | § | |
| **OFFENDERS WITH MEDICAL OR** | § | |
| **MENTAL IMPAIRMENTS,** | § | |
| | § | |
| *Defendants* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
  **UNITED STATES DISTRICT JUDGE**

Before the Court are Defendants' Motion to Dismiss, filed September 2, 2020 (Dkt. 15);

Plaintiff's Response in Opposition to Defendants' Motion to Dismiss, filed September 16, 2020

(Dkt. 18); and Plaintiff's Opposed Motion for Leave to File First Amended Complaint Adding a

Party-Defendant, filed September 15, 2020 (Dkt. 17). On August 13, 2020, the District Court

referred all pending and future nondispositive and dispositive motions to the undersigned

Magistrate Judge for resolution and Report and Recommendation, respectively, pursuant to

28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local

Rules of the United States District Court for the Western District of Texas.

## I.     Background

### A.  Parole under the MRIS

Section 508.146(a) of the Texas Government Code establishes the Medically Recommended Intensive Supervision Program ("MRIS"), which provides that certain categories of inmates "may be released" on early parole for certain medical conditions. TEX. GOV'T CODE ANN. § 508.146(a) (West 2017). The Texas Correctional Office on Offenders with Medical or Mental Impairments ("TCOOMMI"), a division of the Texas Department of Criminal Justice ("TDCJ"), is the agency that oversees MRIS. Under Section 508.146(a), which was amended in 2007, an inmate with a reportable conviction under Chapter 62 of the Texas Code of Criminal Procedure[1] may only be considered to be released on MRIS if TCOOMMI identifies the inmate as being:

> (A) a person who is elderly or terminally ill, a person with mental illness, an intellectual disability, or a physical disability, or a person who has a condition requiring long-term care, if the inmate is an inmate with an instant offense that is described in Article 42A.054, Code of Criminal Procedure; or

> (B) in a persistent vegetative state or being a person with an organic brain syndrome with significant to total mobility impairment, if the inmate is an inmate who has a reportable conviction or adjudication under Chapter 62, Code of Criminal Procedure.

If the TCOOMMI recommends that an inmate be released to MRIS, the application is then reviewed by the Texas Board of Pardons and Paroles ("Parole Board"), which has the sole and final authority regarding the release of inmates to MRIS. *Id.* at § 508.146(e).

---

[1] Chapter 62 of the Texas Code of Criminal Procedure codifies the Texas Sex Offender Registration Program. *Does 1-7 v. Abbott*, 945 F.3d 307, 310 (5th Cir. 2019). Its registration requirements apply retroactively to all persons with a "reportable conviction or adjudication occurring on or after September 1, 1970," for several enumerated sex offenses. TEX. CODE CRIM. PROC. ANN. arts. 62.001, 62.002 (West 2019).

**B.  Plaintiff's Request for MRIS**

On March 7, 2002, after a jury trial, Plaintiff Jeffrey Paul Hale was convicted, in Criminal District Court Four of Tarrant County, Texas, on two counts of aggravated sexual assault of a child under 14 years of age (Counts One and Two), and one count of indecency with a child by contact (Count Three). Dkt. 6-1 at 14-18. The district court sentenced Plaintiff to 40 years imprisonment on Counts One and Two and 10 years imprisonment on Count Three, to be served concurrently. *Id.* Plaintiff began serving his sentence on April 18, 2002, and is currently held in institutional confinement in Huntsville, Texas. Plaintiff's parole eligibility date is March 3, 2022, and both his projected release and maximum sentence dates are March 3, 2042. Dkt. 6 at 4.

In June 2020, Plaintiff was diagnosed by TDCJ physicians with retroperitoneal liposarcoma and given six months to live. Dkt. 6-1 at 23. Because Plaintiff's tumor was inoperable and he was too ill to undergo chemotherapy, his treating physicians recommended that he receive palliative and hospice care. *Id.* Plaintiff's physicians then submitted a request to TCOOMMI, on Plaintiff's behalf, asking that Plaintiff be released to MRIS. However, because Plaintiff had been convicted of a reportable sex offense under Chapter 62 of the Texas Code of Criminal Procedure, to qualify to be considered for MRIS release he had to be "in a persistent vegetative state or [ ] a person with an organic brain syndrome with significant to total mobility impairment." TEX. GOV'T CODE ANN. § 508.146(a)(1)(B). Accordingly, on June 24, 2020, TCOOMMI denied Plaintiff MRIS release, stating that the "[i]nformation submitted to this office by the unit medical provider indicates that the Offender's condition does not meet the clinical criteria for MRIS at this time." Dkt. 6-2 at 20.

On August 12, 2020, Plaintiff filed this civil rights suit against Bryan Collier, the Executive Director of the TDCJ, and April Zamora, the Director of the TCOOMMI, alleging that TCOOMMI's denial of his MRIS request because of his status as a sex offender violated the

3

*Ex Post Facto* and Equal Protection Clauses of the United States Constitution. Dkt. 1. Plaintiff's

Complaint seeks the following relief:

> (1) a temporary restraining order ("TRO") and preliminary injunction, asking the Court to order the Defendants to forward Plaintiff's application for MRIS relief to the Parole Board in the same manner as they would an application from an inmate who does not have a reportable sex offense under Chapter 62 of the Texas Code of Criminal Procedure ("Chapter 62"); and the Parole Board, on its receipt of Plaintiff's application for MRIS, to process Plaintiff's application in the same manner as they would an application from an inmate who does not have a reportable sex offense under Chapter 62;

> (2) a declaratory judgment declaring that Section 508.146, as applied to Plaintiff, is unconstitutional and violates the *Ex Post Facto* Clause;

> (3) a declaratory judgment declaring that Section 508.146, on its face and as applied to Plaintiff, is unconstitutional and violates the Equal Protection Clause; and

> (4) a permanent injunction prohibiting Defendants from applying Section 508.146 to inmates who have a reportable sex offense conviction under Chapter 62, in a manner that is different from the manner in which they would apply Section 508.146 to inmates who do not have a reportable sex offense under Chapter 62; and which prohibits the Parole Board from applying Section 508.146 to inmates who have a reportable sex offense conviction under Chapter 62, in a manner that is different from the manner in which they would apply Section 508.146 to inmates who do not have a reportable sex offense under Chapter 62.

*Id.* at Sec. IV.

On September 3, 2020, this Court issued a Report and Recommendation to the District Court recommending that Plaintiff's Application for a TRO and preliminary injunction be denied because Plaintiff failed to demonstrate a substantial likelihood of success on the merits and thus failed to show that he is entitled to the "extraordinary and drastic remedy" of a TRO and preliminary injunction. Dkt. 16 at 10. The Report and Recommendation remains pending.

In their Motion to Dismiss, Defendants argue that Plaintiff's suit should be dismissed for lack of jurisdiction under Federal Rule of Civil procedure 12(b)(1) and failure to state a plausible claim for relief under Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the Motion to Dismiss in part and seeks leave to file an Amended Complaint under Federal Rule of Civil Procedure 15(a).

## II.   Legal Standards

### A.  Rule 12(b)(1)

Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332.

Rule 12(b)(1) allows a party to assert lack of subject matter jurisdiction as a defense to suit. A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle [the] plaintiff to relief." *Id.*

In ruling on a Rule 12(b)(1) motion, the court may consider any of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

**B.  Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.*

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced in the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III.    Analysis

Defendants contend that Plaintiff's Complaint should be dismissed for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because Defendants do not have the authority to order the Parole Board, a separate Texas agency, to release inmates on MRIS. Accordingly, Defendants contend that Plaintiff has failed to meet the redressability factor for Article III standing and has failed to establish an *Ex Parte Young* exception to Eleventh Amendment immunity.

Additionally, Defendants argue that Plaintiff's Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has failed to allege a violation of a constitutional right.

### A. Plaintiff's Motion for Leave to File Amended Complaint

In response to the Motion to Dismiss, Plaintiff seeks leave to file an Amended Complaint to (1) add David Gutierrez, Chairperson of the Parole Board, as a defendant, and (2) abandon his *Ex Post Facto* claim. Defendants did not respond Plaintiff's motion to amend. Federal Rule of Civil Procedure 15(a)(1) provides that: "A party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2).

Plaintiff's motion for leave to amend was filed within 21 days of service of Defendants' Motion to Dismiss. Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave to File First Amended Complaint (Dkt. 17) to add David Gutierrez, Chairman of the Parole Board, as a defendant in this case, and to remove Plaintiff's *Ex Post Facto* claim.

Plaintiff contends that "adding Mr. Gutierrez as a party, would eliminate the need for further litigation of the standing issue because this would render the issue 'moot' upon inclusion of Mr. Gutierrez as a party defendant in this case." Dkt. 17 at 3. Although a motion to dismiss may be rendered moot by an amended pleading, that is not the case here. As the leading authority states:

> defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance.

6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2002); *see also O'Malley v. Brown Bros. Harriman & Co.*, No. SA-19-CV-0010-JKP, 2020 WL 1033658, at *2 (W.D. Tex. Mar. 3, 2020) (treating motion to dismiss as being asserted against amended complaint where amended complaint did not alter asserted bases for dismissal).

Although Plaintiff amends his complaint to add Gutierrez as a defendant, Plaintiff asserts the same allegations to support his equal protection claim as in his Original Complaint. Because some of the defects raised in Defendants' Motion to Dismiss remain in the Amended Complaint, Defendants' Motion to Dismiss is not moot. The Court therefore treats the Motion to Dismiss as asserted against the Amended Complaint.

### B. Equal Protection Claim

Plaintiff alleges that Section 508.146(a) violates the Equal Protection Clause because inmates, such as Plaintiff, who have been convicted of sex offenses under Chapter 62 "receive disparate treatment compared to other inmates who have been convicted of 'non-sexual offenses," and there is no "rational relationship between this classification imposed on Plaintiff, or the disparity of treatment." Dkt. 17-1 at 13.

The Equal Protection Clause of the Fourteenth Amendment "commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To establish an equal protection violation, Plaintiff first must show that "two or more classifications of similarly situated persons were treated differently" under the statute. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 195 (5th Cir. 2012). Defendants do not dispute that Plaintiff was treated differently because he was a sex offender. Once that threshold element is established, the

8

Court then determines the appropriate level of scrutiny to apply. *Id.* "Strict scrutiny is required if the legislative classification operates to the disadvantage of some suspect class or impinges upon a fundamental right explicitly or implicitly protected by the Constitution." *Richard v. Hinson*, 70 F.3d 415, 417 (5th Cir. 1995). If neither a suspect class nor a fundamental right is implicated, the classification need only bear a rational relationship to a legitimate governmental purpose. *Id.*

The Fifth Circuit has held that "a classification that categorizes inmates based on the type of criminal offenses for which they have been convicted does not implicate a suspect class." *Wottlin v. Fleming*, 136 F.3d 1032, 1036 (5th Cir. 1998). As a result, "any classification of convicted sex-offenders is only subject to a rational basis review." *Stauffer v. Gearhart*, 741 F.3d 574, 587 (5th Cir. 2014). Rational basis review begins with a strong presumption of constitutional validity. *Malagon de Fuentes v. Gonzales*, 462 F.3d 498, 504 (5th Cir. 2006). As the Fifth Circuit has stated:

> an equal protection violation does not arise if there is any basis for a classification or official action that bears a debatably rational relationship to a conceivably legitimate governmental end. As long as there is *a* conceivable rational basis for the official action, it is immaterial that it was not *the* or *a* primary factor in reaching a decision or that it was not *actually* relied upon by the decisionmakers or that some *other* nonsuspect irrational factors may have been considered."

*Reid v. Rolling Fork Pub. Util. Dist.*, 854 F.2d 751, 754 (5th Cir. 1988). The burden is on the challenging party to counter "any reasonably conceivable state of facts that could provide a rational basis for the classification." *Heller v. Doe*, 509 U.S. 312, 320 (1993).

In order to establish that his equal protection rights were violated, Plaintiff must demonstrate that Section 508.146(a)(1)(B)'s requirement that sex offenders may be considered for release on MRIS only if they are "in a persistent vegetative state or [ ] a person with an organic brain syndrome with significant to total mobility impairment" has no rational relation to a legitimate government purpose. Plaintiff has not met this burden.

The Supreme Court has stated that: "Sex offenders are a serious threat in this Nation. The victims of sex assault are most often juveniles, and when convicted sex offenders reenter society, they are much more likely than any other type of offender to be re-arrested for a new rape or sexual assault." *Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 4 (2003); *see also Smith v. Doe*, 538 U.S. 84, 103 (2003) (noting that "[t]he risk of recidivism posed by sex offenders is frightening and high"). The Fifth Circuit has held repeatedly that subjecting sex offenders to different parole procedures is reasonably related to legitimate penological interests and, therefore, does not violate the equal protection clause. *Brown v. Dretke*, 184 F. App'x 384, 385 (5th Cir. 2006); *Breshears v. Garrett*, 143 F. App'x 570, 572 (5th Cir. 2005); *see also, e.g.*, *Culbert v. Bryant*, No. 3:19CV419-DPJ-FKB, 2020 WL 5372099, at *2 (S.D. Miss. Aug. 17, 2020) ("Sex offenders are not a suspect class, and the government has a legitimate interest in treating them differently for purposes of early release."), *report and recommendation adopted*, No. 3:19-CV-419-DPJ-FKB, 2020 WL 5369067 (S.D. Miss. Sept. 8, 2020); *Miller v. Owens*, No. A-10-CA-070-LY, 2011 WL 2582722, at *8 (W.D. Tex. June 29, 2011) (denying sex offender's equal protection claim because "subjecting such offenders to different parole procedures is reasonably related to a legitimate penological interest").

The State of Texas, like all states, has enacted various statutes, including Section 508.146(a)(1)(B), designed to protect its communities from sex offenders. Plaintiff disagrees that the requirement that sex offenders be "in a persistent vegetative state or [ ] a person with significant to total mobility impairment" for release on MRIS is necessary to protect the public. The statute's legislative history, however, shows that this requirement was enacted to serve legitimate penological interests. The Texas Legislature determined that requiring a sex offender to "be in a persistent vegetative state or have an organic brain syndrome with significant to total

mobility impairment . . . would ensure that these offenders would be incapable of causing harm if released." House Comm. on Civ. Practices, Bill Analysis, H.B. 2611, 80th Leg. R.S. (2007).

The Court finds that Section 508.146(a)(1)(B)'s requirement that sex offenders may be considered for release on MRIS only if they are "in a persistent vegetative state or being a person with an organic brain syndrome with significant to total mobility" is reasonably related to a legitimate penological interest. Accordingly, Plaintiff has failed to state a plausible equal protection claim.

## IV.     Order and Recommendation

Based on the foregoing, Plaintiff's Opposed Motion for Leave to File First Amended Complaint Adding a Party-Defendant (Dkt. 17) is **GRANTED**.

The undersigned **RECOMMENDS** that the District Court **GRANT** Defendants' Motion to Dismiss (Dkt. 15) and **DISMISS** Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## V.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to

proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 30, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE