IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEFFREY PAUL HALE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:20-cv-841-RP |
| BRYAN COLLIER, *in his official capacity as Executive Director of the Texas Department of Criminal Justice*, et al., | § § § § | |
| Defendants. | § § | |

### ORDER

Before the Court are the report and recommendations of United States Magistrate Judge Susan Hightower concerning Plaintiff Jeffrey Paul Hale's ("Hale") Motion for Temporary Restraining Order and Preliminary Injunction ("TRO"), (TRO, Dkt. 6), and Defendants Bryan Collier, in his official capacity as Executive Director of the Texas Department of Criminal Justice, and April Zamora's, in her official capacity as Director of the Texas Correctional Office on Offenders with Medical or Mental Impairments (together, "Defendants") Motion to Dismiss, (Dkt. 15), pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. (R. & R. 1, Dkt. 16; R. & R. 2, Dkt. 21). In her report and recommendations, Judge Hightower recommends that the Court (1) deny Hale's TRO and (2) grant Defendants' motion to dismiss. (R. & R. 1, Dkt. 16; R. & R. 2, Dkt. 21). Along with her second report and recommendation, Judge Hightower also granted Hale's motion for leave to amend his complaint, (R. & R. 2, Dkt. 21, at 7), and then treated Defendants' motion to dismiss as asserted against Hale's amended complaint, (*id.* at 8). Hale timely filed objections to both report and recommendations. (Objs. 1, Dkt. 20; Objs. 2, Dkt. 23).

1

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. 28 U.S.C. § 636(b). Because Hale timely objected to each portion of the report and recommendations—other than Judge Hightower's analysis regarding Defendants' Rule 12(b)(1) claims which were rendered moot when she granted Hale leave to file his amended complaint—the Court reviews the report and recommendation de novo. Having done so, the Court overrules Hale's objections and adopts the report and recommendations as its own orders with the following clarifications.

First, Hale argues that Judge Hightower erred by concluding that Hale's TRO failed because he did not satisfy the "likelihood of success on the merits" prong of the four-prong test. (Objs. 1, Dkt. 20, at 22). Hale states that Judge Hightower should have employed the sliding scale doctrine, which, according to Hale, states that "likelihood of success on the merits" is not determinative when a movant "to some degree" has demonstrated a substantial likelihood of success on the merits and the remaining three factors of the traditional four-factor test weigh "strongly" in favor of granting relief. (*Id.* at 22–24). The Fifth Circuit has not adopted or rejected the sliding scale analysis. Indeed, most recently, in a footnote, the Fifth Circuit avoided deciding the validity of the sliding scale doctrine:

> In particular, the parties spar over whether the Supreme Court has determined that a 'substantial likelihood of success on the merits' is invariably required for injunctive relief, thereby overruling some decisions that implied a 'sliding scale' comparing the legal issues with the strength of the 'irreparable harm' to the non-movant. *Compare Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249, (2008) with *Productos Carnic, S.A. v. Cent. Am. Beef & Seafood Trading Co.*, 621 F.2d 683, 686 (5th Cir. 1980)). Although the district court here first applied the sliding scale approach, it alternatively referenced the substantial likelihood of success requirement. Additionally, because the court's legal errors here, though no doubt inadvertent, are decisive, we need not wade into that debate.

*Atchafalaya Basinkeeper v. United States Army Corps of Engineers*, 894 F.3d 692, 696 n. 1 (5th Cir. 2018). Thus, even if Judge Hightower would have reached a different result had she employed the sliding

scale doctrine, neither Judge Hightower nor this Court is required to perform a sliding scale analysis, and thus Judge Hightower did not err, and this Court declines Hale's invitation to apply the sliding scale doctrine.

Second, Hale objects to Judge Hightower's sua sponte finding that Hale lacks standing because he is unable to satisfy redressability. Judge Hightower found that Hale's relief would affect the legal rights of the parole board, which was not a party before the court at the time Judge Hightower issued her first report and recommendation. This objection is moot because Hale filed an amended complaint that named David Gutierrez, in his official capacity as Chairperson of the Texas Board of Pardons and Paroles, as a defendant and cured any alleged error in Judge Hightower's report and recommendation. (Am. Compl., Dkt. 22; *see* Order, Dkt. 21). The Court therefore need not adopt nor reject Judge Hightower's standing analysis in her first report and recommendation.

Third, Hale asks the Court to clarify whether Judge Hightower's report and recommendation is an appealable order since she did not hold a hearing on his request. (Objs. 1, Dkt. 20, at 50–52). Hale appears to misconstrue Rule 65 of the Federal Rules of Civil Procedure. In any event, it's not clear why the appealability of Judge Hightower's report and recommendations is relevant. The Court issues this order adopting Judge Hightower's report and recommendations, with clarifications, and the Court leaves it to Hale to determine whether he wishes to pursue an appeal of this Court's order.

Finally, Hale objects to Judge Hightower's report and recommendation on Defendants' motion to dismiss. (Objs. 2, Dkt. 23). In addition to his incorrect assertion that Judge Hightower wrongly dismissed his equal protection claim at the motion to dismiss stage, he also objects that Judge Hightower incorrectly characterized the relevant legislative record and then impermissibly relied on those statements to conclude that Hale's allegations are implausible as a matter of law. (*Id.* at 10–12). Even if Hale is correct that Judge Hightower mischaracterized and/or misused the legislative record, Hale is incorrect that her legal conclusion was therefore erroneous. Judge

Hightower cited to several sources, including the Supreme Court, to support the notion that treating sex offenders differently is reasonably related to legitimate penological interests. (*See* R. & R. 2, Dkt. 21, at 8–11).

Accordingly, the Court **ORDERS** that the report and recommendations of United States Magistrate Judge Susan Hightower, (Dkts. 16, 21), are **ADOPTED**, with the clarifications set forth in this order. Hale's Motion for Temporary Restraining Order and Preliminary Injunction, (Dkt. 6), is **DENIED** and Defendants' Motion to Dismiss, (Dkt. 15), is **GRANTED**. Hale's claims against Defendants are **DISMISSED**.

The Court will enter final judgment in a separate order.

**SIGNED** on November 3, 2020.

                                ROBERT PITMAN
                                UNITED STATES DISTRICT JUDGE